### De Mott & Ingersoll vs. Laraway.

If a *common carrier* on the canals, in unloading his boat at the termination of the voyage, uses the tackle or machinery of a third person in hoisting the goods from his boat, and the machinery breaks and the goods are injured or destroyed, he is responsible for the loss; the machinery is *pro hac vice* his, and he is answerable for its sufficiency.

The undertaking of the carrier to transport the goods to a particular place, necessarily includes the duty of delivering them there, in safety.

Error from the Seneca common pleas. Laraway sued De Mott & Ingersoll in a justice's court, to recover freight due to him as a *common carrier*. It was conceded that the amount was $39; but the defendants interposed as a defence the neglect of the plaintiff to deliver a hogshead of molasses, which he had received for transportation. Laraway was the owner and master of a canal boat, and received on board his boat at Troy, a hogshead of molasses and other goods belonging to the defendants, to be transported to *Kidder's ferry*, being a landing place nearest to *Farmersville*, where the defendants transacted business. All the goods were safely transported and delivered to the defendants, except the hogshead of molasses. The boat arrived at *Kidder's ferry*, and in the attempt to hoist the hogshead of molasses into a warehouse, the usual place for the delivery of goods for *Farmersville*, the fall (part of the machinery for hoisting attached to the warehouse) broke, and the hogshead fell back into the boat, was stove, and most of the molasses was lost. At the time of the accident, the hogshead was clear of the boat, and almost up to the sill of the door of the warehouse. One of the defendants was present, and had wagons there in which some of the goods were loaded. The value of the molasses was proved. The justice gave judg-

ment in favor of the *defendants* for $12,87.   The plaintiff sued out a *certiorari*, and the common pleas of Seneca *reversed* the justice's judgment.   Whereupon the defendants sued out a writ of error.

*A. Gibbs*, for the plaintiffs in error.

*J. Maynard*, for the defendant in error.

*By the Court*, SUTHERLAND, J.   The court of common pleas erred in reversing the judgment of the justice. Laraway was a common carrier upon the canal, and as such undertook to *transport* the defendant's goods from *Troy* to *Kidder's ferry*.   This necessarily included the duty of *delivering* the goods there in safety.   They were all thus delivered except a hogshead of molasses, which was stove, in the act of being unladen; as they were hoisting it from the boat, with a tackle attached to a store house upon the bank of the canal, the rope broke, and the hogshead fell into the boat, and most of the molasses was lost.   Although one of the defendants was present, there is no pretence that he had accepted the molasses as delivered, previously to the accident, or that he had any thing to do with the delivery.   The delivery was not complete when the accident occurred, and the goods were still at the risk of the carrier.   It is a matter of no importance that the machinery employed in unlading the boat was attached to and belonged to a store on the bank of the canal, and not to the carrier's boat.   It was *pro hac vice* his tackle, and he was responsible for its sufficiency.   When the responsibility of a common carrier has begun, it continues until there has been a due delivery by him. 4 *Kent's Comm.* 604.   4 *T. R.* 581.   5 *id.* 389.

The objection of the defendant in error, that the claim of the defendants for the injury sustained by them, was not a proper subject of *set-off*, is disposed of by the stipulation of the parties that the whole matter should be submitted to the justice.

Judgment reversed.